UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Pruco Life Insurance Company,<br><br>Plaintiff,<br>vs.<br><br>Wilmington Trust Company, Trustee under the Paul E. L'Archevesque Special Revocable Trust - 2006, and Paul E. L'Archevesque,<br><br>Defendants. | CA 08 69 S<br><br>Civil Action No. |

**COMPLAINT**

Plaintiff, Pruco Life Insurance Company (hereinafter, "Pruco"), a corporation organized under the laws of the State of Arizona, with its principal place of business located at 213 Washington Street, Newark, New Jersey, alleges the following:

**Nature of the Action**

1. This is an action to rescind life insurance policy No. V1207727 (hereinafter the "Policy").Pruco issued the Policy on March 7, 2006 based on numerous material misrepresentations and non-disclosures of material facts about his medical history and the condition of his health that the Defendant Paul E. L'Archevesque (hereinafter, "L'Archevesque"), the Policy Insured, certified to be true in his insurance application. Specifically, Defendant L'Archevesque failed to disclose that he had been diagnosed with Alzheimer's disease; that he was taking medication for Alzheimer's disease; and that he had undergone testing and treatment for his complaints of memory loss and forgetfulness.

2. Pruco relied on Defendant L'Archevesque's representations in deciding whether

to issue the Policy and would not have issued the Policy had it been aware of the true facts concerning Defendant L'Archevesque's medical history and condition. Accordingly, Pruco is entitled to rescind the Policy.

**The Parties**

3. Pruco is a life insurance company organized and existing under the laws of the State of Arizona with its principal place of business in Newark, New Jersey. Pruco is licensed to write life insurance policies in the State of Rhode Island.

4. Defendant Wilmington Trust Company, as Trustee under the Paul E. L'Archevesque Special Revocable Trust - 2006, dated January 17, 2006 (hereinafter, "Wilmington"), is the current owner and beneficiary of the Policy. On information and belief, Wilmington is a Delaware corporation with its principal place of business located at 1100 N. Market St., Wilmington, Delaware.

5. Defendant L'Archevesque, on information and belief, resides at 300 Cherry Lane, Palm Beach Florida, and is a citizen of the State of Florida.

**Jurisdiction and Venue**

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the adverse parties.

7. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this district and defendants possess the requisite minimum contacts with this jurisdiction ..

**Factual Background**

8. On or about February 16, 2006, Defendant L'Archevesque applied to Plaintiff Pruco for a life insurance policy. Defendant L'Archevesque completed and signed the application, (hereinafter the "Application"), in East Providence, Rhode Island. A true and correct copy of the Application received by Pruco is attached hereto as Exhibit A.

9. The Application asked Defendant L'Archevesque certain questions about, among other things, his health and medical history. In the Application, Defendant L'Archevesque made the following representations:

a. the last physician he consulted was a "Dr. Zak, [at] 901 So. Main St., Fall River, MA 02724," in November 2005 for a check of his cholesterol;

b. he had not "been diagnosed with or treated by a member of the medical profession for: any disorder of the brain or nervous system."

c. he was not currently taking any prescription medication.

d. he had not " in the last five years, had . . . surgery, medical tests (other than HIV) or diagnostic procedures such as ECGs, stress tests, blood tests, urine tests, etc."

e. he had no "disease, disorder or condition not previously mentioned."

10. In the Application, Defendant L'Archevesque stated that he understood, certified, and affirmed that:

a. "[t]o the best of his knowledge and belief, the statements in this application . . . are complete, true and correctly recorded"; and

b. he would "inform [Pruco] of any changes in [his] . . . health, mental or physical condition, or of any changes to any answers on this application, prior to or upon delivery of this policy."

11. The representations made by Defendant L'Archevesque in the Application were material to Pruco's decision to issue the Policy because they contributed to establishing the predicted mortality date for the insured, which is the contingency or event on which the Policy is to become due and payable. *See* R.I. Gen. Laws § 27-4-10.

12. Pruco relied on the representations that the Defendant L'Archevesque affirmed in his Application in deciding whether to issue the Policy.

13. Pruco issued the Policy with an issue date of March 7, 2006, and delivered the Policy on that same date to the original Owner and Beneficiary, Jay L'Archevesque, as Trustee of the Paul E. L'Archevesque Special Trust - 2006, and Defendant L'Archevesque, as the Insured, in East Providence, Rhode Island.

14. Attached to the Policy and incorporated as part of the Policy was Defendant L'Archevesque's Application in which he made the representations detailed in Paragraphs 9 and 10.

15. The Policy carried a basic insurance amount of $15,000,000.00.

16. The Policy stated that, "[t]his policy and any attached copy of an application, including an application requesting a change, form the entire contract. We assume that all statements in an application are made to the best of the knowledge and belief of the person(s) who make them; . . . . We rely on those statements when we issue the contract and when we change it. We will not use any statement, unless made in an application, to try to void the contract, to contest a change, or deny a claim."

17. The Policy further provided that Pruco could contest the Policy within two years of the issue date.

18. At delivery of the Policy, Defendant L'Archevesque again signed his name in confirmation that he understood, certified, and affirmed that:

> a. "[t]o the best of his knowledge and belief, the statements in this application . . . are complete, true and correctly recorded"; and
>
> b. he would "inform [Pruco] of any changes in [his] . . . health, mental or physical condition, or of any changes to any answers on this application, prior to or upon delivery of this policy."

19. The original Policy Owner Jay L'Archevesque, as Trustee of the Paul E. L'Archevesque Special Trust - 2006, also signed the Policy upon its delivery on March 7, 2006, in East Providence, Rhode Island. The signatures were witnessed there by Defendant L'Archevesque's Rhode Island insurance broker.

20. On or about March 20, 2006, the original Policy Owner and Beneficiary, Jay L'Archevesque, as Trustee of the Paul E. L'Archevesque Special Trust - 2006, submitted to Pruco a request to change the Owner and Beneficiary of the Policy to the Wilmington Trust Company, as Trustee of the Paul E. L'Archevesque Special Revocable Trust - 2006, created by a trust agreement dated January 17, 2006. The request was signed by a Vice President of Defendant Wilmington, and Jay L'Archevesque, as Trustee of the Paul E. L'Archevesque Special Trust - 2006.

21. By endorsement dated March 21, 2006, the Policy Owner and Beneficiary were changed to Defendant Wilmington Trust Company, as Trustee of the Paul E. L'Archevesque Special Revocable Trust - 2006.

22. In late 2007, Pruco received medical records from Defendant L'Archevesque's physician Dr. Zak, which contained information about Defendant L'Archevesque's medical history that had not been previously disclosed to Pruco and which revealed that Defendant L'Archevesque had made numerous material misrepresentations in his Application.

23. Defendant L'Archevesque represented in his Application that he last saw Dr. Zak in November 2005 for a check of his cholesterol. The medical records obtained from Dr. Zak, however, show that Defendant L'Archevesque had seen Dr. Zak on February 3, 2006, to discuss his recent visit with a neurologist, Dr. Jules M. Friedman.

24. Defendant L'Archevesque represented in his Application that he had not "been diagnosed with or treated by a member of the medical profession for: any disorder of the brain or nervous system." The medical records, however, show that Defendant L'Archevesque saw another neurologist, Dr. Farrel Douglas, in December 2005 and January 2006 and was diagnosed with early Alzheimer's disease.

25. Defendant L'Archevesque represented in his Application that he was not currently taking any prescription medication. The medical records, however, show that Defendant L'Archevesque had been prescribed Razadyne, a medicine that treats the symptoms of mild to moderate Alzheimer's disease, in January 2006 and had continued taking Razadyne through at least March 2006.

26. Defendant L'Archevesque represented in his Application that he had not "in the last five years, had . . . surgery, medical tests (other than HIV) or diagnostic procedures such as ECGs, stress tests, blood tests, urine tests, etc." The medical records, however, show that Defendant L'Archevesque had an MRI in September 2005, and neurological testing and evaluation completed in September 2005, December 2005, and January 2006 due to memory complaints.

27. Defendant L'Archevesque represented in his Application that he had no "disease, disorder or condition not previously mentioned." The medical records, however, show that Defendant L'Archevesque had a recorded history of memory loss and forgetfulness.

28. If Pruco had known the truth about the condition of Defendant L'Archevesque's health and his medical history, it would not have issued the Policy.

29. Pursuant to the Policy terms permitting Pruco to contest the Policy within two years of the date of issuance, by letter dated February 5, 2008, Pruco informed both the Policy Owner, Defendant Wilmington, and its insured, Defendant L'Archevesque, that the Policy was void based on the material misrepresentations made in the Application. With this notice, Pruco returned the total amount of premiums, including interest, paid under the Policy. A true and correct copy of the February 5, 2008 letter sent to Defendants is attached hereto as Exhibit B.

30. Defendants have not replied to the letter. Defendant Wilmington has not deposited the check for the total amount of premiums, including interest, paid under the Policy.

## CAUSE OF ACTION (RESCISSION)

31. Plaintiff hereby re-alleges Paragraphs 1 through 30.

32. As detailed in Paragraphs 23 through 27, Defendant L'Archevesque in his Application made numerous misrepresentations of the true state of facts.

33. Each misstatement made by Defendant L'Archevesque in his Application is a material misstatement because each misstatement represents a fact that contributes to the contingency or event on which the Policy is to become due and payable. *See* R.I. Gen. Laws § 27-4-10.

34. Plaintiff Pruco relied on the truth of the statements made by Defendant L'Archevesque in his Application in making the decision to issue the Policy.

35. Had Pruco known the true state of the facts misrepresented by Defendant L'Archevesque it would not have issued the Policy.

36. Accordingly, the Policy is void ab initio as of the issue date of March 7, 2006, and Pruco is entitled to a rescission of the Policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Pruco hereby requests the entry of a final judgment granting the following relief:

a. Rescission of the Policy;

b. A declaration that the Policy is void ab initio as of the issue date of March 7, 2006 and unenforceable.

c. Reasonable attorney's fees expended in connection with this action;

d. Its costs of suit in this action; and

e. Such other and further relief as the Court deems just and proper.

Dated: 2/28/08

Robert G. Flanders, Jr. / Mitchell R. Edwards /s/ Matthew P. Horvitz /s/

Robert G. Flanders, Jr. #1785
Mitchell R. Edwards #6942
Matthew P. Horvitz #7289
HINCKLEY ALLEN &
SNYDER, LLP

50 Kennedy Plaza
Providence, RI 02903
401.274.2000
401.277.9600 (fax)

and

Laurie E. Foster
MORGAN, LEWIS &
BOCKIUS LLP

101 Park Ave.
New York, NY 10178
212.309.6000
212.309-6001 (fax)

(Motion for Pro HacVice Admission has been filed and is pending)