Prudential Financial

**Marge Connell**
Vice President, Underwriting

**The Prudential Insurance Company of America**
213 Washington St., Newark NJ 07102-2992
Tel 973 802-5927 Fax 973 799-0006
marjorie.connell@prudential.com

**PERSONAL AND CONFIDENTIAL - To Be Opened By Addressee Only**

February 5, 2008

Wilmington Trust Company, Trustee
1100 North Market Street
Wilmington, DE 19890

Re: Policy Number: V1 207 727 (the "Policy")
Name of Insured: Paul E L'Archevesque
Name of Policy Owner: The Paul E L'Archevesque Special Revocable Trust, Wilmington Trust Company, Trustee

Dear Sir or Madame:

We recently received information about Mr. L'Archevesque's medical history that was not disclosed on the application for insurance dated February 16, 2006 (the "Application") for the Policy referenced above. If we had known this information at the time of application, we would not have issued the Policy. We are writing to inform you that the Policy is not in force and is void as of the Policy's contract date of March 7, 2006. We have enclosed with this letter Prudential's check #1150034247 dated February 1, 2008, payable to you in the amount of $845,964.60 as the return of the total amount of premiums, including interest, paid under the Policy. Please let me explain the reasons behind this decision.

The policy contains the following provisions: "This policy and any attached copy of an application, including an application requesting a change, form the entire contract. We assume that all statements in an application are made to the best of the knowledge and belief of the person(s) who make them; in the absence of fraud, they are deemed to be representations and not warranties. We rely on those statements when we issue the contract and when we change it. We will not use any statement, unless made in an application, to try to void the contract, to contest a change, or to deny a claim. Except as we state in the next sentence, we will not contest this contract after it has been in force during the Insured's lifetime for two years from the issue date. The exceptions are: (1) non-payment of enough premium to pay the required charges; and (2) any change in the contract that requires our approval and that would increase our liability. For any such change, we will not contest the change after it has been in effect for two years during the lifetime of the Insured."

According to our records the Policy was issued with a contract date of March 7, 2006 and, therefore, the Policy is still within the two-year contestable period, and is not yet incontestable.

When the Application for insurance for the Policy was completed, we received representations by Mr. L'Archevesque of facts upon which we based our decision whether or not to issue the applied-for Policy. Mr. L'Archevesque made numerous material misrepresentations on the Application regarding his medical condition. Had we been aware of the true facts, we would not have issued the Policy. Accordingly, we are entitled to rescind the Policy on the grounds of material misrepresentation

On the Application for insurance for the Policy, the responses to the following questions are as follows:

In Part 2, Medical Information, Section K:

- Physician last consulted: Physician last consulted: Dr. Zak
  Address: 901 South Main Street, Fall River MA 02724
  Reason last seen: 11/2005 - √ Cholesterol

Prudential Financial

In Part 2, Medical Information, Section M

- Question 2j " Has anyone proposed for coverage been treated by or diagnosed by a member of the medical profession for: any disorder of the brain or nervous system?" The answer to Question 2j was "*No*"
- Question 3 "Is anyone proposed for coverage currently taking prescription medication?" The answer to Question 3 was "*No*"
- Question 4b "Other than above, has anyone proposed for coverage in the last five years, had or been advised to have surgery, medical tests (other than HIV) or diagnostic procedures such as ECGs, stress tests, blood tests, urine tests, etc.? The answer to Question 4b was "*No*"
- Question 6 "Does anyone proposed for coverage have any disease, disorder or condition not previously mentioned?" The answer to Question 6 was "*No*"

The Application contains the following certification, which Mr. L"Archevesque signed: "I certify, affirm and understand the following:

- To the best of my knowledge and belief, the statements in this application, as well as any forms that the Company designates to be part of the application and that are attached to the policy are complete, true, and correctly recorded.
- Except for failure to pay premium or fraud, the Company will not contest the validity of this policy or change request after it has been in force during the insured's lifetime for two years from the date it takes effect.
- I will inform the Company of any changes to my or any proposed insured's health, mental or physical condition, or of any changes to any answers on the application, prior to or upon delivery of this policy."

We recently received medical records from Dr. Zak that included records from Dr. Cahill, Dr. Douglas and Dr. Schlaug that indicate information was misrepresented in the Application.

Based on the above information, the following items, among others, were misrepresented in the Application:

Part II, Medical Information, Section K

- Physician last consulted: *The following information should have been supplied:*
  Dr. Zak
  Address: 901 South Main Street, Fall River MA 02724
  *Date last seen: 2/3/06*
  *Reason last seen: Discuss recent visit with Dr. Friedman*
- Question 2j "Has anyone proposed for coverage been treated by or diagnosed by a member of the medical profession for: any disorder of the brain or nervous system?"
  *This question should have been answered "Yes". Records indicate visits with Dr. Douglas in December 2005 and January 2006 with a diagnosis of early Alzheimer's disease.*
- Question 3 "Is anyone proposed for coverage currently taking prescription medication?"
  *This question should have been answered "Yes". There is a record of Razadyne being prescribed in January 2006. and indication that this medication was still being taken in March 2006.*
- Question 4b "Other than above, has anyone proposed for coverage in the last five years, had or been advised to have surgery, medical tests (other than HIV) or diagnostic procedures such as ECGs, stress tests, blood tests, urine tests, etc.?"
  *This question should have been answered "Yes". There is a recorded history of an MRI completed in September 2005 and neurological testing and evaluation completed in September 2005, December 2005 and January 2006 due to memory complaints.*
- Question 6 "Does anyone proposed for coverage have any disease, disorder or condition not previously mentioned?"
  *"This question should have been answered "Yes". There is recorded history of memory loss and forgetfulness.*

As explained above, if the answers to these questions were as indicated in the medical records, Prudential would not have issued the Policy. Accordingly the Policy is not in force and is void as of the contract date.

Sincerely,

Marge Foxwell

Enclosure: Check # 1150034247

cc: Paul E L'Archevesque