**UNITED STATES DISRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PRUCO LIFE INSURANCE COMPANY,<br><br>Plaintiff<br><br>v.<br><br>WILMINGTON TRUST COMPANY, Trustee under the Paul E. L'Archevesque Special Revocable Trust – 2006, and PAUL E. L'ARCHEVESQUE,<br><br>Defendants. | : | C.A. No.: 0869-S |

**ANSWER OF WILMINGTON TRUST COMPANY**

Defendant, Wilmington Trust Company, as Trustee under the Paul E. L'Archevesque Special Revocable Trust – 2006 ("Wilmington") hereby responds to the Complaint filed by Pruco Life Insurance Company as follows:

**Nature of the Action**

1. Wilmington admits that Plaintiff seeks to rescind life insurance policy number V1207727 (the "Policy"), but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 and, therefore, denies same.

2. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 2 and, therefore, denies same. The second sentence of paragraph 2 states conclusions of law to which no response is required. To the extent a response is required, Wilmington denies the allegations contained in the second sentence of paragraph 2.

**The Parties**

3. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and, therefore, denies same.

4. Wilmington admits that it is a Delaware-chartered bank and trust company with its main office located at 1100 North Market Street, Rodney Square North, Wilmington, Delaware. Wilmington further admits that it is Trustee under the Paul E. L'Archevesque Special Revocable Trust-2006. The remaining allegations contained in paragraph 4 state conclusions of law to which no response is required.

5. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

**Jurisdiction and Venue**

6. Paragraph 6 states conclusions of law to which no response is required.

7. Paragraph 7 states conclusions of law to which no response is required.

8. Wilmington admits that there is a document entitled "Application for Life Insurance or Policy Change" ("Application") appended to Plaintiff's Complaint, the contents of which speak for themselves. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 and therefore denies the same.

9. Wilmington lacks knowledge or information sufficient to form a belief as to who provided the information referenced in paragraph 9 and admits only that the contents of the Application speak for themselves. To the extent the allegations contained in paragraph 9 differ from the contents of the Application, Wilmington denies the allegations contained in paragraph 9.

10. Wilmington lacks knowledge or information sufficient to form a belief as to who provided the information referenced in paragraph 10 and admits only that the contents of the Application speak for themselves. To the extent the allegations contained in paragraph 10 differ from the contents of the Application, Wilmington denies the allegations contained in paragraph 10.

11. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and, therefore, denies same.

12. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and, therefore, denies same.

13. Wilmington admits only that the issue date on the Policy speaks for itself, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 and, therefore, denies same.

14. Wilmington admits only that the contents of the Policy and Application speak for themselves. To the extent the allegations contained in paragraph 14 differ from the contents of the Policy or the Application, Wilmington denies the allegations contained in paragraph 14.

15. Wilmington admits only that the contents of the Policy speak for themselves. To the extent the allegations contained in paragraph 15 differ from the contents of the Policy, Wilmington denies the allegations contained in paragraph 15.

16. Wilmington admits only that the contents of the Policy speak for themselves. To the extent the allegations contained in paragraph 16 differ from the contents of the Policy, Wilmington denies the allegations contained in paragraph 16.

17. Wilmington admits only that the contents of the Policy speak for themselves. To the extent the allegations contained in paragraph 17 differ from the contents of the Policy, Wilmington denies the allegations contained in paragraph 17.

18. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and, therefore, denies same.

19. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and, therefore, denies same.

20. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and, therefore, denies same.

21. Wilmington admits that it is Trustee under the Paul E. L'Archevesque Special Revocable Trust-2006. The remaining allegations contained in paragraph 21 state conclusions of law to which no response is required.

22. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and, therefore, denies same.

23. With respect to the first sentence of paragraph 23, Wilmington lacks knowledge or information sufficient to form a belief as to who provided the information referenced in paragraph 23 and admits only that the contents of the Application speak for themselves. To the extent the allegations contained in the first sentence of paragraph 23 differ from the contents of the Application, Wilmington denies the allegations contained in the first sentence of paragraph 23. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 and, therefore, denies same.

24. With respect to the first sentence of paragraph 24, Wilmington lacks knowledge or information sufficient to form a belief as to who provided the information referenced in

paragraph 24 and admits only that the contents of the Application speak for themselves. To the extent the allegations contained in the first sentence of paragraph 24 differ from the contents of the Application, Wilmington denies the allegations contained in the first sentence of paragraph 24. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24 and, therefore, denies same.

25. With respect to the first sentence of paragraph 25, Wilmington lacks knowledge or information sufficient to form a belief as to who provided the information referenced in paragraph 25 and admits only that the contents of the Application speak for themselves. To the extent the allegations contained in the first sentence of paragraph 25 differ from the contents of the Application, Wilmington denies the allegations contained in the first sentence of paragraph 25. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25 and, therefore, denies same.

26. With respect to the first sentence of paragraph 26, Wilmington lacks knowledge or information sufficient to form a belief as to who provided the information referenced in paragraph 26 and admits only that the contents of the Application speak for themselves. To the extent the allegations contained in the first sentence of paragraph 26 differ from the contents of the Application, Wilmington denies the allegations contained in the first sentence of paragraph 26. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 and, therefore, denies same.

27. With respect to the first sentence of paragraph 27, Wilmington lacks knowledge or information sufficient to form a belief as to who provided the information referenced in paragraph 27 and admits only that the contents of the Application speak for themselves. To the extent the allegations contained in the first sentence of paragraph 27 differ from the contents of

the Application, Wilmington denies the allegations contained in the first sentence of paragraph 27. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 and, therefore, denies same.

28. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and, therefore, denies same.

29. Wilmington admits only that the terms of the Policy speak for themselves, that a copy of a February 5, 2008 letter was appended to Plaintiff's Complaint as Exhibit B, and that Pruco forwarded a check to Wilmington. The remaining allegations contained in paragraph 29 state conclusions of law to which no response is required. To the extent a response is required, Wilmington denies the remaining allegations contained in paragraph 29.

30. Denied.

**CAUSE OF ACTION (RESCISSION)**

31. Wilmington restates and realleges its responses to paragraphs 1 – 30 as if fully set forth herein.

32. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and, therefore, denies same.

33. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and, therefore, denies same.

34. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and, therefore, denies same.

35. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 and, therefore, denies same.

36. Denied.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

**First Defense**

Plaintiff's complaint fails to state a cause of action for which relief may be granted.

**Second Defense**

Plaintiff is not entitled to the relief sought under the doctrine of waiver.

**Third Defense**

Plaintiff is not entitled to the relief sought under the doctrine of laches.

**Fourth Defense**

Plaintiff is not entitled to the relief sought because it assumed the risk.

**Fifth Defense**

Plaintiff is not entitled to the relief under the doctrine of estoppel.

**DEFENDANT DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Wilmington Trust Company, as Trustee
Under the Paul E. L'Archevesque Special
Revocable Trust – 2006
By Its Attorneys,

/s/ Christine K. Bush
Christine K. Bush (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-Ph
(401) 455-0701-Fax
cbush@duffysweeney.com

Dated: April 14, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of April, 2008, a true copy of the foregoing ***Answer of Wilmington Trust Company*** was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), including those listed below, and copies will be mailed to those indicated as non-registered participants.

**Mitchell R. Edwards**
**Robert G. Flanders, Jr.**
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
401-454-1000
Fax: 401-454-1030
Email: medwards@haslaw.com
rflanders@haslaw.com

**Laurie E Foster**
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, NY 10178
212-309-6885
Fax: 212-309-6001
Email: lfoster@morganlewis.com

/s/ Christine K. Bush
Christine K. Bush, Esq.