**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

Pruco Life Insurance Company,

Plaintiff,

vs. C.A. No. 08-69S

Wilmington Trust Company, Trustee under the Paul E. L'Archevesque Special Revocable Trust - 2006, and Paul E. L'Archevesque,

Defendants.

**PLAINTIFF'S REVISED STATEMENT OF ELEMENTS**

Pursuant to the Court's Notice and Local Rule 16, Plaintiff Pruco Life Insurance Company ("Pruco"), by and through its attorneys, respectfully submits the following written statement detailing the legal elements of its Causes of Action alleged in its proposed First Amended Complaint.[1] Pruco reserves the right to modify, amend and augment this statement as appropriate in the course of these proceedings.

## I. RESCISSION BY VIRTUE OF MATERIAL MISREPRESENTATION

An insurer establishes a claim for rescission by virtue of a material misrepresentation when it establishes that the insurerd made a material misrepresentation in the application for the policy. *Guardian Life Ins. Co. of Am. v. Tillinghast*, 512 A.2d 855, 859 (R.I. 1986). Plaintiff does not need to establish that the misrepresentation was made knowingly. *Id.*

[1] The plaintiff has sought the defendants' assent to the filing of an amended complaint.

## II. MUTUAL RESCISSION

Plaintiff establishes a claim for mutual rescission of a contract when it establishes that it seeks to rescind the contract and defendant assents to the rescission. *See Zuba v. Pawtucket Credit Union*, 941 A.2d 167, 172 (R.I. 2008). In the context of rescission of a life insurance policy, when the insurer returns all premiums to the insured with a statement that the life insurance contract is rescinded, the insured assents to the rescission by accepting the premiums with knowledge that the insurer wishes to rescind the policy. *See Klanian v. New York Life Ins. Co.*, 68 R.I. 126, 136 (R.I. 1942); *see also, Kincaid v. New York Life Ins. Co.*, 66 F.2d 268 (5th Cir. 1933); *Peterson v. New York Life Ins. Co.*, 240 N.W. 659 (Minn. 1932); *and Warren v. New York Life Ins. Co.*, 58 P.2d 1175 (N.M. 1936).

## III. RESCISSION FOR LACK OF AN INSURABLE INTEREST

An insurer establishes a claim for rescission for lack of an insurable interest when it establishes that the policy was obtained for the purpose of paying the benefits payable under the contract to a person or entity without an insurable interest in the life of the insured. R.I. Gen. Law § 27-4-27(a), *see also*, *Clark v. Allen*, 11 R.I. 439 (R.I. 1877). An insurable interest means in relevant part:

> (c) . . . that every individual has an insurable interest in the life, body, and health of himself or herself and of other persons as follows:
>
> (1) In the case of individuals related closely by blood or by law, a substantial interest engendered by love and affection;
>
> (2) In the case of other persons, a lawful and substantial economic interest in having the life, health, or bodily safety of the individual insured continue, as distinguished from an interest which would arise only by, or would be enhanced in value by the death, disablement, or injury of the individual insured;

R.I. Gen. Law § 27-4-27(c).

Dated: May 8, 2008

Respectfully submitted,

/s/ Angela L. Carr

Robert C. Shindell
R.I. Bar No. 5269
Angela L. Carr
R.I. Bar No. 7191
TAYLOR DUANE BARTON & GILMAN, LLP
10 Dorrance Street
Providence, RI 02903
401-273-7171
401-273-2904 (fax)

and

Laurie E. Foster
*Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Ave.
New York, NY 10178
212.309.6000
212.309.6001 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2008, a copy of the foregoing PLAINTIFF'S REVISED STATEMENT OF ELEMENTS was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Robert M. Duffy, Esq.
Christine K. Bush, Esq.
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Angela L. Carr
Angela L. Carr