UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Pruco Life Insurance Company,<br><br>Plaintiff,<br>vs.<br><br>Wilmington Trust Company, Trustee under the Paul E. L'Archevesque Special Revocable Trust - 2006, and Paul E. L'Archevesque,<br><br>Defendants. | C.A. No. 08-69S |

**PLAINTIFF PRUCO LIFE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AN AMEND COMPLAINT**

Pursuant to Fed.R.Civ.P. 15(a)(2) and Local Rule 15, the plaintiff, Pruco Life Insurance Company ("Pruco"), hereby moves this Court for leave to filed an Amended Complaint. Counsel for the defendants has advised that the defendants do not oppose this motion to amend. As grounds for this motion, the plaintiff states that, since filing its original Complaint on February 29, 2008, the policy owner, Wilmington Trust, has accepted the return of the premium for the policy at issue, thus giving rise to a cause of action for mutual rescission. Moreover, the plaintiff seeks to add an additional count for rescission for lack of an insurable interest in violation of G.L. (1956) § 27-4-27. The plaintiff's proposed Amended Complaint, attached hereto as Exhibit A, adds these two additional counts as well the additional facts which support these claims.

Fed.R.Civ.P. 15(a)(2) states in relevant part:

> [A] party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires. See also, Foman v. Davis, 371 U.S. 178, 182 (1962).

The Court should only deny a motion to amend "when it is clear that the plaintiff would not be able to prove any set of facts that would entitle it to relief." Howard v. State of Rhode Island Resources Bd., 1996 WL 33418794 at *2 (D.R.I. 1996). To determine whether a proposed amendment sets forth new allegation that the plaintiff could not prove under any set of facts, a court applies the same standard as it would apply to a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir.1996). The court must accept the well-pleaded factual allegations as true and must draw all reasonable inferences favorable to the plaintiff but need not credit bald assertions or legal conclusions. Petrarca v. Southern Union Co., New England Gas Co. 2007 WL 1074747, 1 (D.R.I. 2007)(citing Glassman, 90 F.3d 617 at 628).

In the instant case, the first category of substantive additions included in the Amended Complaint relate to the cause of action for mutual rescission. More specifically, Paragraph 4 alleges that Pruco returned all premiums paid with interest to Wilmington Trust Company, the policy owner of record. Since the filing of the initial Complaint, Wilmington Trust Company has negotiated the check tendered by Pruco, thereby assenting to the rescission of the policy. As a result, the plaintiff revised Paragraph 36 to reflect the fact the funds cleared Pruco's account on February 29, 2008. Based on these additional facts, the proposed Amended Complaint includes a second cause of action for mutual rescission and sets forth the elements of this cause of action in Paragraphs 43 – 47.

The next category of substantive additions to the Amended Complaint addresses the plaintiff's information and belief that the purchase of the policy occurred in conjunction with a "stranger-owned life insurance" transaction whereby a third-party investor financed the premiums with the understanding the policy owner would subsequently assign the life insurance policy benefits to the third-party. Paragraph 5 sets forth the nature of this claim, and paragraphs 23, 26, and 27 provide the factual basis. Based on these factual allegations, Paragraphs 48-51 allege a third cause of action for rescission for lack of an insurable interest in violation of G.L. (1956) § 27-4-27.

In light of recent developments, the plaintiff has promptly filed this motion for leave to file an amended complaint. The plaintiff respectfully submits that, taking all factual allegations as true and drawing all reasonable inferences in favor to the plaintiff, the Court should grant the plaintiff leave to file its proposed Amended Complaint.

/s/Angela L. Carr

Robert C. Shindell
R.I. Bar No. 5269
Angela L. Carr
R.I. Bar No. 7191
TAYLOR DUANE BARTON GILMAN, LLP
10 Dorrance Street
Providence, RI 02903
401-273-7171
401-273-2904 (fax)

and

Laurie E. Foster
*Pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Ave.
New York, NY 10178
212.309.6000
212.309.6001 (fax)

Dated: May 20, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and accurate copy of the foregoing document was served via electronic notice (CM/ECF) to:

Laurie E. Foster
MORGAN, LEWIS & BOCKIUS LLP
101 Park Ave.
New York, NY 10178
212.309.6000
212.309.6001 (fax)

Robert M. Duffy, Esq.
Christine K. Bush, Esq.
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903

On May 20, 2008

/s/Angela L. Carr