**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

Pruco Life Insurance Company,

Plaintiff,

v. C.A. No. 08-69 S

L'Archevesque Trust Company, Trustee Under the Paul E. L'Archevesque Special Revocable Trust - 2006, and Paul E. L'Archevesque,

Defendants.

**ANSWER OF PAUL E. L'ARCHEVESQUE TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Paul E. L'Archevesque ("L'Archevesque") hereby responds to the First Amended Complaint filed by Pruco Life Insurance Company as follows:

**Nature of the Action**

1. L'Archevesque admits that Plaintiff seeks to rescind life insurance policy number V1207727 (hereinafter the "Policy"), but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 1 and, therefore, denies same.

2. Denied.

3. Denied.

4. L'Archevesque lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 and, therefore, denies same.

5. L'Archevesque admits only that certain of the Policy payments were financed and denies the remaining allegations of paragraph 5.

**The Parties**

6. L'Archevesque lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 and, therefore, denies same.

7. L'Archevesque lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 and, therefore, denies same.

8. Admitted.

**Jurisdiction and Venue**

9. Paragraph 9 states conclusions of law to which no response is required. To the extent a response is required, L'Archevesque denies the allegations in paragraph 9.

10. Paragraph 10 states conclusions of law to which no response is required. To the extent a response is required, L'Archevesque denies the allegations set forth in paragraph 10.

**Factual Background**

11. L'Archevesque admits only that he applied to Pruco for a life insurance policy but denies that he completed and signed the application in East Providence, Rhode Island. Further answering, L'Archevesque states that Exhibit A to the Complaint speaks for itself and denies the remaining allegations set forth in paragraph 11.

12. L'Archevesque admits only that the terms of the Application speak for themselves and denies the remaining allegation set forth in paragraph 12.

13. L'Archevesque admits only that the terms of the Application speak for themselves and denies the remaining allegation set forth in paragraph 13.

14. L'Archevesque lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 and, therefore, denies the same.

15. L'Archevesque lacks knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 15 and, therefore, denies the same.

16. Admitted.

17. L'Archevesque admits only that the application for insurance was attached to the Policy. Answering further, L'Archevesque states that paragraph 17 states conclusions of law to which no response is required and denies the remaining allegations set forth in paragraph 17.

18. Admitted.

19. L'Archevesque admits only that the statement contained in paragraph 19 appears to be a statement contained in the Policy and denies the remaining allegations set forth in paragraph 19.

20. L'Archevesque admits only that the terms of the Policy speak for themselves and denies the remaining allegations set forth in paragraph 20.

21. L'Archevesque admits only that the terms of the Policy speak for themselves and denies the remaining allegations set forth in paragraph 21.

22. L'Archevesque admits only that the terms of the Policy speak for themselves and denies the remaining allegations set forth in paragraph 22.

23. L'Archevesque admits only that certain of the premiums payable on the Policy were financed and denies the remaining allegations set forth in paragraph 23.

24. Admitted.

25. Admitted.

26. L'Archevesque lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 and, therefore, denies the same.

27. L'Archevesque lacks knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 27 and, therefore, denies the same.

28. L'Archevesque lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 and, therefore, denies the same.

29. L'Archevesque states that the Application speaks for itself and lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 29 and, therefore, denies the same.

30. L'Archevesque states that the Application speaks for itself and lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 30 and, therefore, denies the same.

31. L'Archevesque states that the Application speaks for itself and lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 31 and, therefore, denies the same.

32. L'Archevesque states that the Application speaks for itself and lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 32 and, therefore, denies the same.

33. L'Archevesque states that the Application speaks for itself and lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 33 and, therefore, denies the same.

34. Denied.

35. L'Archevesque admits only that Pruco wrongly issued a letter dated February 5, 2008 in which Pruco claimed that the Policy was void. Further answering, L'Archevesque states that the February 5, 2008 letter speaks for itself and lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 35

and, therefore, denies the same.

36. L'Archevesque lacks knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 36 and, therefore, denies the same.

**FIRST CAUSE OF ACTION (RESCISSION)**

37. Defendant repeats and realleges paragraphs 1 through 36 as if fully set forth herein.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

**SECOND CAUSE OF ACTION (MUTUAL RESCISSION)**

43. Defendant repeats and realleges paragraphs 1 through 42 as if fully set forth herein.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44, other than the allegation that the plaintiff forwarded a letter dated February 5, 2008 to L'Archevesque stating that the Policy is rescinded and, therefore, denies same.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 and, therefore, denies same.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 and, therefore, denies same.

47. Paragraph 47 states conclusions of law to which no response is required. To the

extent that a response is required, L'Archevesque denies the allegations set forth in paragraph 47.

**THIRD CAUSE OF ACTION**
**(RESCISSION FOR LACK OF AN INSURABLE INTEREST)**

48. Defendant repeats and realleges paragraphs 1 through 47 as if fully set forth herein.

49. Denied.

50. Denied.

51. Paragraph 51 states conclusions of law to which no response is required. To the extent that a response is required, L'Archevesque denies the allegations set forth in paragraph 47.

WHEREFORE, Defendant respectfully requests a determination that this Policy is not void; that it cannot be rescinded unilaterally; that Lincoln may not retain any premiums; and that Defendant be awarded costs and fees in this regard.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense

Plaintiff may not succeed as its actions constitute a waiver.

Second Affirmative Defense

Plaintiff may not succeed based on the doctrine of laches.

Third Affirmative Defense

Plaintiff may not succeed based on the doctrine of unclean hands.

Fourth Affirmative Defense

Plaintiff may not recover based on its assumption of the risk.

Fifth Affirmative Defense

Plaintiff is estopped from recovery.

Sixth Affirmative Defense

Plaintiff's Complaint fails to state a cause of action for which relief may be granted.

**DEFENDANT DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Defendant,
Paul E. L'Archevesque
By his attorneys,

/s/ Robert M. Duffy
Robert M. Duffy (# 4428)
Christine K. Bush (# 5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-Ph
(401) 455-0701-Fax
rduffy@duffysweeney.com
cbush@duffysweeney.com

Dated: June 24, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of June, 2008, a true copy of the foregoing ***Answer of Paul E. L'Archevesque to the First Amended Complaint*** was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), including those listed below, and copies will be mailed to those indicated as non-registered participants.

**Angela L. Carr, Esq.**
**Robert C. Shindell, Esq.**
Taylor, Duane, Barton & Gilman, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903
401-273-7171
Fax: 401-273-2904
acarr@taylorduane.com
rshindell@taylorduane.com

**Laurie E Foster**
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, NY 10178
212-309-6885
Fax: 212-309-6001
lfoster@morganlewis.com

/s/ Robert M. Duffy

H:\Clients\L'Archevesque-Wilmington Trust Co\Pleadings\Pruco v. Wilimington Trust, et al\Answer of L'Archevesque to First Amended Complaint.rtf