**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| PRUCO LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>WILMINGTON TRUST COMPANY, as Trustee of the Paul E. L'Archevesque Special Revocable Trust – 2006, and PAUL E. L'ARCHEVESQUE<br><br>Defendants. | CA. NO.: 08-69S |

**DEFENDANT WILMINGTON TRUST COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Wilmington Trust Company ("Wilmington Trust" or "Trustee"), as Trustee of the Paul E. L'Archevesque Special Revocable Trust – 2006 ("Trust"), by and through its undersigned counsel, hereby files the following Answer and Affirmative Defenses ("Answer") to the Amended Complaint ("Amended Complaint") of Plaintiff, Pruco Life Insurance Company ("Pruco").

**Nature of Action**

1. Admitted in part and denied in part. It is admitted that (a) in its Amended Complaint Pruco asserts a claim seeking to rescind life insurance policy No. V1207727 ("Policy"), and (b) upon information and belief, as alleged by Plaintiff, Defendant L'Archesvesque failed to disclose that he had beeen diagnosed with Alzheimer's disease; that he was taking medication for Alsheimer's disease; and that he had undergone testing and treatment for his complaints of memory loss and forgetfulness. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that that

the averments contained in Paragraph 1 of the Amended Complaint constitute conclusions of law, they are denied.

2. Admitted in part and denied in part. It is admitted only that (a) the issue date set forth on the Policy is March 7, 2006, and (b) upon information and belief, Plaintiff contends that Defendant L'Archesvesque allegedly failed to disclose that he had been diagnosed with Alzheimer's disease; that he was taking medication for Alsheimer's disease; and that he had undergone testing and treatment for his complaints of memory loss and forgetfulness. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied.

3. Denied. Answering Defendant Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3 of the Amended Complaint and therefore, denies same. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 3 of the Amended Complaint constitute conclusions of law, they are denied.

4. Denied as stated. Answering Defendant Wilmington Trust admits only that the Trust is currently the owner of the Policy and that on or about February 7, 2008, it received a check from Plaintiff in the amount of $845,964.60, but it is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 4 of the Amended Complaint and therefore, denies same. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the

averments contained in Paragraph 4 of the Amended Complaint constitute conclusions of law, they are denied.

5. Denied. Answering Defendant Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 5 of the Amended Complaint and therefore, denies same. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 5 of the Amended Complaint constitute conclusions of law, they are denied.

## **The Parties**

6. Admitted upon information and belief.

7. Denied as stated. Answering Defendant Wilmington Trust admits only that it is a Delaware-chartered bank and trust company with its main office located at 1100 North Market Street, Rodney Square North, Wilmington, Delaware, and that it is the Trustee under the Paul E. L'Archevesque Special Revocable Trust – 2006 (i.e., the Trust) which is the current owner and beneficiary under the Policy.

8. Answering Defendant Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 8 of the Amended Complaint and therefore, denies same.

## **Jurisdiction and Venue**

9. Admitted in part and denied in part. It is admitted only that there is diversity of citizenship between the adverse parties. The remaining averments set forth in Paragraph 10 constitute conclusions of law and are denied.

10. Admitted in part and denied in part. Answering Defendant Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 10 of the Amended Complaint and therefore, denies same. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 10 of the Amended Complaint constitute conclusion of law, they are denied. Answering Defendant Wilmington Trust denies that it has the requisite minimum contacts with this jurisdiction and that venue of the subject claims against Answering Defendant Wilmington Trust is proper.

**Factual Background**

11. Denied. Answering Defendant Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 11 of the Amended Complaint and therefore, same are denied. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied.

12. Denied. Answering Defendant Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 12 of the Amended Complaint and therefore, same are denied. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 12 differ from the contents of the Application, Answering Defendant Wilmington Trust denies same. To the extent that the averments contained in Paragraph 12 of the Amended Complaint constitute conclusions of law, they are denied.

13. Denied. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 13 differ from the contents of the Application, Answering Defendant Wilmington Trust denies same. To the extent that the averments contained in Paragraph 13 of the Amended Complaint constitute conclusions of law, they are denied.

14. Denied as stated. Answering Defendant Wilmington Trust admits, upon information and belief, that the Plaintiff contends that the representations made by Defendant L'Archevesque in the Application were material to Pruco's decision to issue the Policy, and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 14 of the Amended Complaint and therefore, same are denied. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 14 of the Amended Complaint constitute conclusions of law, they are denied.

15. Denied as stated. Answering Defendant Wilmington Trust admits, upon information and belief, that the Plaintiff contends that Plaintiff relied on the representations that Defendant L'Archevesque affirmed in deciding whether to issue the Policy, and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 15 of the Amended Complaint and therefore, same are denied. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 15 of the Amended Complaint constitute conclusions of law, they are denied.

16. Denied. Answering Defendant Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 16 of the Amended Complaint and therefore, same are denied. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 16 of the Amended Complaint constitute conclusions of law, they are denied.

17. Admitted in part and denied in part. Answering Defendant Wilmington Trust admits only that an application, on a Pruco form, was attached to the Policy. Answering Defendant Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 17 and hence, same are denied. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 17 differ from the contents of the Application, Answer Defendant Wilmington Trust denies same. To the extent that the averments contained in Paragraph 17 of the Amended Complaint constitute conclusions of law, they are denied.

18. Admitted.

19. Denied. The averments contained in Paragraph 19 refer or rely upon the contents of a written document, and such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the remaining averments contained in Paragraph 19 of the Amended Complaint differ from the Policy, Answering Defendant Wilmington Trust denies same.

20. Denied. The averments contained in Paragraph 20 refer or rely upon the contents of a written document, and such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 20 differ from the contents of the Policy, Answering Defendant Wilmington Trust denies same. To the extent that the allegations contained in Paragraph 20 of the Amended Complaint constitute conclusions of law, they are denied.

21. Denied. Answering Defendant Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 21 and hence, same are denied. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such allegations are therefore denied. To the extent that the averments contained in Paragraph 21 differ from the contents of the Policy, Answering Defendant Wilmington Trust denies same. To the extent that the allegations contained in Paragraph 21 of the Amended Complaint constitute conclusions of law, they are denied.

22. Denied. Answering Defendant Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 22 of the Amended Complaint and therefore, same are denied.

23. Denied. Answering Defendant Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 23 of the Amended Complaint and therefore, same are denied. Answering Defendant Wilmington Trust further expressly denies that the Trust, as the owner of the Policy, had any understanding or agreement that it "would subsequently assign the life insurance policy benefits to a third party which never had an insurable interest in Defendant L'Archevesque's life". To the extent that the

averments of Paragraph 23 of the Amended Complaint constitute conclusions of law, they are denied.

24. Admitted in part an denied in part. Answering Defendant Wilmington Trust admits that it is presently the Trustee under the Paul E. L'Archevesque Special Revocable Trust – 2006. Answering Defendant Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 24 and hence, same are denied. To the extent that the allegations of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such allegations are therefore denied. To the extent that the allegations contained in Paragraph 24 of the Amended Complaint constitute conclusions of law, they are denied.

25. Admitted in part and denied in part. Answering Defendant Wilmington Trust admits that it is presently the Trustee under the Paul E. L'Archevesque Special Revocable Trust – 2006. Answering Defendant Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 25 and therefore, same are denied. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such allegations are therefore denied. To the extent that the allegations contained in Paragraph 25 of the Amended Complaint constitute conclusions of law, they are denied.

26. Denied. Answering Defendant Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 26 of the Amended Complaint and therefore, same are denied. To the extent that the averments contained in Paragraph 26 of the Amended Complaint constitute conclusions of law, they are denied.

27. Denied. Answering Defendant Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 26 of the Amended Complaint and therefore, same are denied. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 27 of the Amended Complaint constitute conclusions of law, they are denied.

28. Denied. Answering Defendant Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 28 of the Amended Complaint and therefore, same are denied. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 28 differ from the contents of the Application, Answering Defendant Wilmington Trust denies same. To the extent that the averments contained in Paragraph 28 of the Amended Complaint constitute conclusions of law, they are denied.

29. Denied. Answering Defendant Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 29 of the Amended Complaint and therefore, same are denied. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 29 differ from the contents of the Application, Answering Defendant Wilmington Trust denies same. To the extent that the averments contained in Paragraph 28 of the Amended Complaint constitute conclusions of law, they are denied.

30. Denied. Answering Defendant Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 30 of the Amended Complaint and therefore, same are denied. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 30 differ from the contents of the Application, Answering Defendant Wilmington Trust denies same. To the extent that the averments contained in Paragraph 30 of the Amended Complaint constitute conclusions of law, they are denied.

31. Denied. Answering Defendant Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 31 of the Amended Complaint and therefore, same are denied. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 31 differ from the contents of the Application, Answering Defendant Wilmington Trust denies same. To the extent that the averments contained in Paragraph 31 of the Amended Complaint constitute conclusions of law, they are denied.

32. Denied. Answering Defendant Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 32 of the Amended Complaint and therefore, same are denied. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 32 differ from the contents of the Application, Answering Defendant Wilmington Trust denies same. To the extent that the averments contained in Paragraph 28 of the Amended Complaint constitute conclusions of law, they are denied.

33. Denied. Answering Defendant Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 33 of the Amended Complaint and therefore, same are denied. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 33 differ from the contents of the Application, Answering Defendant Wilmington Trust denies same. To the extent that the averments contained in Paragraph 33 of the Amended Complaint constitute conclusions of law, they are denied

34. Denied as stated. Answering Defendant Wilmington Trust admits, upon information and belief, that the Plaintiff contends that if it had known the truth about the condition of Defendant L'Archesvesque's health and medical history as alleged by Plaintiff, it would not have issue the Policy, and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 34 of the Amended Complaint and therefore, same are denied. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 34 differ from the contents of the Application, Answering Defendant Wilmington Trust denies same. To the extent that the averments contained in Paragraph 34 of the Amended Complaint constitute conclusions of law, they are denied.

35. Admitted in part and denied in part. Answering Defendant Wilmington Trust admits only that the Policy, as a written document, speaks for itself, that a copy of the February 5, 2006 letter was appended to Plaintiff's Complaint as Exhibit "B" and subsequently filed as Exhibit "B" to Plaintiff's Amended Complaint, and that Pruco forwarded a check to Answering Defendant Wilmington Trust. To the extent that the averments of this Paragraph refer or rely

upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 35 of the Amended Complaint constitute conclusions of law, they are denied.

36. Denied. Answering Defendant Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 36 of the Amended complaint and therefore, same are denied. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 36 of the Amended Complaint constitute conclusions of law, they are denied. Answering Defendant Wilmington Trust specifically denies that it has "accepted the premiums by negotiating the check," or otherwise agreed to or accepted the alleged rescission of the Policy as asserted by Plaintiff.

**First Cause of Action (Rescission)**

37. No responsive pleading is necessary to the averments contained in Paragraph 37. Answering Defendant Wilmington Trust incorporates by reference its responses to Paragraphs 1 through 36, inclusive, of the Amended Complaint as set forth above as though fully set forth at length.

38. Denied for the reasons more fully set forth in Paragraphs 29 through 33 above, which are incorporated herein by reference.

39. Denied as stated. Answering Defendant Wilmington Trust admits, upon information and belief, that Plaintiff contends that each alleged misstatement made by Defendant L'Archevesque in his Application is material, and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 39 of the Amended Complaint and therefore, same are denied. To the extent that the averments of this

Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 39 differ from the contents of the Application, Answering Defendant Wilmington Trust denies same. To the extent that the averments contained in Paragraph 39 of the Amended Complaint constitute conclusions of law, they are denied

40. Denied as stated. Answering Defendant Wilmington Trust admits, upon information and belief, that Plaintiff contends that Plaintiff relied on the truth of the statements made by Defendant L'Archevesque in making the decision to issue the Policy, and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 40 of the Amended Complaint and therefore, same are denied. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 40 differ from the contents of the Application, Answering Defendant Wilmington Trust denies same. To the extent that the averments contained in Paragraph 40 of the Amended Complaint constitute conclusions of law, they are denied.

41. Denied as stated. Answering Defendant Wilmington Trust admits, upon information and belief, that Plaintiff contends that had Plaintiff known the true state of facts allegedly misrepresented by Defendant L'Archevesque it would not have issued the Policy, and is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 41 of the Amended Complaint and therefore, same are denied. To the extent that the averments contained in Paragraph 41 differ from the contents of the Application, Answering Defendant Wilmington Trust denies same. To the extent that the averments

contained in Paragraph 41 of the Amended Complaint constitute conclusions of law, they are denied.

42. Denied. Answering Defendant Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 42 of the Amended Complaint and therefore, same are denied. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 42 differ from the contents of the Application, Answering Defendant Wilmington Trust denies same. To the extent that the averments contained in Paragraph 42 of the Amended Complaint constitute conclusions of law, they are denied

**Second Cause of Action (Mutual Rescission)**

43. No responsive pleading is necessary to the averments contained in Paragraph 43. Answering Defendant Wilmington Trust incorporates by reference its responses to Paragraphs 1 through 42, inclusive, of the Amended Complaint as set forth above as though fully set forth at length.

44. Admitted in part and denied in part. Answering Defendant Wilmington Trust admits only that a copy of the February 5, 2008 letter was appended to Pruco's Complaint as Exhibit "B," was subsequently attached as Exhibit "B" to Pruco's Amended Complaint, and that Pruco forwarded a check to Answering Defendant Wilmington Trust. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 28 of the Amended Complaint constitute conclusions of law, they are denied.

45. Denied. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 45 of the Amended Complaint constitute conclusions of law, they are denied. Answering Defendant Wilmington Trust specifically denies that it has "indicated its acceptance of the returned premiums by negotiating the check and depositing it for payment," or otherwise agreed to or accepted the alleged rescission of the Policy as asserted by Pruco.

46. Denied. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 46 of the Amended Complaint constitute conclusions of law, they are denied. Answering Defendant Wilmington Trust specifically denies that it has "assented to Pruco's rescission of the Policy by accepting the returned premiums," or otherwise agreed to or accepted the alleged rescission of the Policy as asserted by Plaintiff.

47. Denied. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 47 of the Amended Complaint constitute conclusions of law, they are denied. Answering Defendant Wilmington Trust specifically denies that the "Policy is *void ab initio* as of the issue date of March 7, 2006, by virtue of mutual rescission," or that Answering Defendant Wilmington Trust assented or otherwise agreed to or accepted the alleged rescission of the Policy as asserted by Pruco.

**Third Cause of Action (Rescission for Lack of an Insurable Interest)**

48. No responsive pleading is necessary to the averments contained in Paragraph 48. Answering Defendant Wilmington Trust incorporates by reference its responses to Paragraphs 1 through 47, inclusive, of the Amended Complaint as set forth above as though fully set forth at length.

49. Denied. Answering Defendant Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 49 of the Amended Complaint and therefore, same are denied. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 49 of the Amended Complaint constitute conclusions of law, they are denied.

50. Denied. Answering Defendant Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 50 of the Amended Complaint and therefore, same are denied. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that the averments contained in Paragraph 50 of the Amended Complaint constitute conclusions of law, they are denied.

51. Denied. Answering Defendant Wilmington Trust is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 51 of the Amended Complaint and therefore, same are denied. To the extent that the averments of this Paragraph refer or rely upon the contents of a written document, such written document and its contents speak for themselves, and such averments are therefore denied. To the extent that

the averments contained in Paragraph 51 of the Amended Complaint constitute conclusions of law, they are denied.

## Affirmative Defenses

### First Defense

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Plaintiff's Amended Complaint may be barred in whole or in part by the doctrine of waiver.

### Third Defense

Plaintiff's Amended Complaint may be barred in whole or in part by the doctrine of laches.

### Fourth Defense

Plaintiff's Amended Complaint may be barred in whole or in part by the doctrine of estoppel.

### Fifth Defense

Plaintiff's Amended Complaint may be barred in whole or in part by the doctrine of the assumption of risk.

### Sixth Defense

Plaintiff's Amended Complaint may be barred in whole or in part if it is determined that, contrary to the contentions of Plaintiff, Plaintiff had no reasonable basis to rescind the Policy.

### Seventh Defense

Plaintiff's Amended Complaint may be barred in whole or in part if it is determined that, contrary to the contentions of Plaintiff, the Application does not contain material misrepresentations of fact.

**Eighth Defense**

Plaintiff's Amended Complaint may be barred in whole or in part if it is determined that, contrary to the contentions of Plaintiff, Answering Defendant Wilmington Trust received and deposited the returned premiums based upon one or more mistakes of fact, which Plaintiff knew or should have known was false, and/or that Plaintiff negligently, intentionally made material misrepresentations upon which Answering Defendant Wilmington Trust and others relied to their detriment.

**Ninth Defense**

Plaintiff's Amended Complaint may be barred in whole or in part if it is determined that, contary to the contentions of the Plaintiff, the intended beneficiary of the Policy had an insurable interest in the life of Defendant L'Archevesque.

**Tenth Defense**

Plaintiff's Amended Complaint may be barred in whole or in part if it is determined that, contrary to the contentions of the Plaintiff, the Policy was not *void ab initio* as of March 7, 2006 by virtue of mutual rescission, as being, against public policy, and as being in violation of Rhode Island General Law § 27-4-27.

**Eleventh Defense**

Plaintiff's Amended Complaint may be barred in whole or in part by the acts, omissions, and other conduct of Plaintiff and those for whose conduct Plaintiff is liable or responsible.

**Twelfth Defense**

Answering Defendant Wilmington Trust denies (a) that it has the requisite minimum contacts with this jurisdiction and thus asserts that this Court does not have and is without personal jurisdiction over Answering Defendant Wilmington Trust, and (b) that venue of the subject claims against Wilmington Trust is proper and/or convenient.

Answering Defendant Wilmington Trust reserves the right to amend and/or supplement its Affirmative Defenses in that discovery is ongoing.

WHEREFORE, Answering Defendant Wilmington Trust Company, respectfully requests that this Honorable Court dismiss Plaintiff's Amended Complaint in its entirety with prejudice, enter judgment in favor of Answering Defendant Wilmington Trust Company against Plaintiff, and order such other and further relief as it deems just and proper in this matter.

**BLISH & CAVANAGH LLP**

/s/ Joseph V. Cavanagh, Jr.
Joseph V. Cavanagh,Jr. #1139
30 Exchange Terrace
Providence, RI 02903
Phone: (401) 831-8900

**COZEN O'CONNOR**
F. Warren Jacoby, Esquire (*Pro Hac Vice* pending)
Jennifer M. McHugh, Esquire (*Pro Hac Vice* pending)
Lisa R. Marone, Esquire (*Pro Hac Vice* pending)
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000

Dated: August 14, 2008

**CERTIFICATE OF SERVICE**

I, Joseph V. Cavanagh, Jr. hereby certify on this 14th day of August 2008 that I caused a true and correct copy of the foregoing document to be served upon counsel for the parties below via electronic mail as follows:

Robert C. Shindell, Esquire
Angela L. Carr, Esquire
Taylor Duane Barton & Gilman, LLP
10 Dorrance Street
Providence, RI 02903
(401) 273-7171
rshindell@taylorduane.com
acarr@taylorduane.com

Laurie E. Foster
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000
lfoster@morganlewis.com

*Counsel for Pruco Life Insurance Company*

Christine K. Bush, Esquire
Duffy Sweeney & Scott Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
cbush@duffysweeney.com

*Counsel for Defendant Paul E. L'Archevesque*

/s/ Joseph V. Cavanagh, Jr.